DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**PALMS WEST HOSPITAL LIMITED PARTNERSHIP** d/b/a
**PALMS WEST HOSPITAL,**
Appellant,

v.

**D.W.** and **R.W.,** individually and as parents and next friends of **L.W.,** a
minor and **FLORIDA BIRTH RELATED NEUROLOGICAL INJURY
COMPENSATION ASSOCIATION** and **STEVEN PLISKOW, M.D.,**
Appellees.

No. 4D13-2501

[October 15, 2014]

Appeal from the State of Florida, Division of Administrative Hearings;
L.T. Case No. 12-0848 N.

Robert E. Biasotti of Biasotti and Associates, St. Petersburg, for
appellant.

Julie H. Littky-Rubin of Clark, Fountain, La Vista, Prather, Keen &
Littky-Rubin, LLP, West Palm Beach, for appellees.

PER CURIAM.

Appellant, Palms West Hospital Limited Partnership d/b/a Palms West
Hospital appeals the final order of the Division of Administrative Hearings
finding that the hospital failed to provide sufficient notice pursuant to
section 766.316, Florida Statutes (2012), governing the Birth-Related
Neurological Injury Compensation Plan (NICA). The effect of the order is
to permit either acceptance of NICA benefits for a brain-damaged infant or
pursuit of a medical malpractice suit against the hospital. *See Florida
Birth-Related Neurological Injury Compensation Ass'n v. Dep't of Admin.
Hearings*, 29 So. 3d 992, 999 (Fla. 2010). We affirm the order.

On appeal, the hospital does not challenge the administrative law
judge's finding that the hospital failed to provide the mother with sufficient
notice under NICA. §§ 766.301 to 766.316, Fla. Stat. (2012). Rather, the
hospital's argument on appeal centers on language in the order regarding

the election of remedies. It contends that the administrative law judge had no jurisdiction to allow the parents to make an election of remedies, reject the child's NICA benefits, and close the case without having a circuit court-appointed guardian ad litem. The specific language in the order provides:

> in the event Petitioners file an election of remedies declining or rejecting the NICA benefits, this case will be dismissed and DOAH's file will be closed.

We affirm, as we do not construe the foregoing language to be anything more than a statement that if an election of remedies is made rejecting the NICA benefits, the file would be closed. Whether there has been an appropriate waiver of benefits and whether a guardian must be appointed are matters to be litigated before the circuit court should a medical malpractice suit be pursued.

*Affirmed.*

WARNER, CONNER AND KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2